KNICKERBOCKER IMPORTATION COMPANY v. STATE BOARD OF ASSESSORS ET AL.

Submitted July 7, 1905—Decided November 13, 1905.

Stock owned by the corporation which issued it should not be considered in determining the amount of the franchise tax or license fee under the Corporation Tax act.

On *certiorari* in matter of taxation.

Before Justices DIXON and SWAYZE.

For the prosecutor, *Rulif V. Lawrence.*

For the state, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

Dixon, J. The Corporation Tax act (*Gen. Stat., p.* 3335; *Pamph. L.* 1901, *p.* 31) imposes on certain domestic corporations an annual license fee or franchise tax of one-tenth of one per centum on all amounts of capital stock issued and outstanding on January 1st up to $3,000,000. The prosecutor, one of these corporations, claims that on September 26th, 1903, its entire capital stock, $500,000, was issued to the Cazanove Champagne Company, and afterwards, before January 1st, 1904, $346,000 of the stock was returned, and on January 1st, 1904, was still held by the Knickerbocker company. On the evidence before us some doubt may be entertained whether there was ever a real issue of the stock, but, if issued, it was certainly returned and held as claimed. Because of an erroneous report made by the company to the state board of assessors a tax of $500 was levied for January 1st, 1904, and the company now seeks to have it reduced to $154, on the ground that the stock so held by it was not outstanding.

On behalf of the state it is insisted that stock once issued is *outstanding,* within the meaning of the statute, until it has been *retired* under the twenty-ninth section of the Corporation act. But stock thus *retired* has ceased to exist and cannot properly be designated as stock at all. I think that the legislature had in mind only existing stock, out of which it selected that which was outstanding as the basis of the tax imposed. If all the stock not retired had been intended, it would have been sufficiently described as "stock issued," or perhaps, with more certainty, as "stock issued and not retired." The legislature, however, chose a different term to qualify "stock issued" by requiring that it should be also "stock outstanding."

If a corporation were incapable of owning stock issued by itself, "stock outstanding" would be equivalent to "stock not retired," for all existing stock must then have been owned by other persons. But before the statute now under consideration was passed the legislature had empowered domestic corporations to own stock issued by themselves,

and the stock so owned still continued, in legal contemplation, to possess the qualities of real stock. Such stock is, I think, most obviously distinguished from other stock of the corporation by describing it as not outstanding—that is, not standing as a real charge against the corporation, just as a municipal bond in the sinking fund of the municipality might be regarded as an obligation not outstanding.

But even if it be conceded that the argument of the learned attorney-general creates some doubt, it should be remembered that, in the interpretation of tax laws for the purpose of ascertaining what persons and things are subjected to taxation, the courts incline to a strict, rather than a liberal, construction, on the idea that the legislature, in imposing public burdens, will express its intention with clearness. We think it is not clearly declared that stock in the corporate treasury must be included in fixing the amount of this franchise tax.

The tax should be reduced to $154.

No costs are allowed.